UNITED STATES DISTRICT COURT
*for the*
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE MILLER,

Plaintiff,

v.

AUTO CLUB INSURANCE ASSOCIATION,
a Michigan Corporation, and
AETNA LIFE INSURANCE COMPANY, a
Foreign Corporation, Jointly and Severally,

Defendants.
_______________________________________/

Case No:

Hon.

ROBERT J. LANTZY (P57013)
BUCKFIRE & BUCKFIRE, P.C.
Attorney for Plaintiff
29000 Inkster Road, Ste. 150
Southfield, Michigan 48034
robert@buckfirelaw.com
(248) 569-4646
_______________________________________/

**COMPLAINT**

No other civil action between these parties or other parties arising out of the transaction or occurrence alleged in the Complaint has been previously filed.

/s/ Robert J. Lantzy
_______________________________
Robert J. Lantzy P-57013

NOW COMES Plaintiff, Denise Miller, by and through her attorneys, Law Offices of Buckfire & Buckfire, P.C., and for her Complaint against the above named Defendants, AUTO CLUB INSURANCE ASSOCIATION, and AETNA LIFE INSURANCE COMPANY and states as follows:

## NATURE OF ACTION AND JURISDICTION

1. This is an action to:

   A. Declare Plaintiff's right to benefits and the priority of coverage under §502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1132, and the Michigan No-Fault Act, M.C.L. §500.3101, et seq.;

   B. Enjoin certain acts and practices and to obtain other appropriate equitable relief under §502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3).

2. This Court has jurisdiction over Plaintiff's ERISA claims pursuant to 29 U.S.C. §1132(e)(1).

3. This Court has supplemental jurisdiction over Plaintiff's claims arising under the Michigan No-Fault Act pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b).

## PARTIES AND GENERAL ALLEGATIONS

5. Plaintiff, Denise Miller, (hereinafter "Plaintiff") was and continues to be a beneficiary of her employer Plante Moran (Identified as P & M HOLDING GROUP LLP in the Benefit Plan), and a member of its medical plan (Hereinafter the "Plan"), being administered by AETNA LIFE INSURANCE COMPANY, and was, at all relevant times continuing to the present, insured under an automobile insurance policy through Defendant, AUTO CLUB INSURANCE ASSOCIATION, providing coverage under the Michigan No-Fault Act.

6. Through her employment with Plante Moran, Plaintiff, Denise Miller, was provided with medical insurance benefits through the AETNA LIFE INSURANCE COMPANY plan.

7. Defendant, AETNA LIFE INSURANCE COMPANY Benefits Plan (Aetna Choice Pos II Medical – Core and Premier Plan), is a welfare benefits plan administered under the terms of ERISA for the benefit of Plante Moran's employees and their families, including beneficiaries living in Michigan.

8. The Plan is administered under the terms of ERISA for the benefit of Plante Moran employees and their families living in Michigan.

9. Defendant, AETNA LIFE INSURANCE COMPANY, is the claims administer for the plan with its principal place of business in Hartford, Connecticut. AETNA LIFE INSURANCE COMPANY conducts business throughout the State of Michigan.

10. Defendant AUTO CLUB INSURANCE ASSOCIATION, is an insurance company domiciled in Wayne County, Michigan that provides insurance coverage to Michigan residents under policies sold throughout Michigan.

## **FACTUAL BACKGROUND**

11. Plaintiff, Denise Miller, was the operator of a motor vehicle on April 20, 2017, when she was seriously injured in a motor vehicle collision (hereinafter "subject collision') in Ann Arbor Twp., Michigan.

12. Plaintiff, Denise Miller, suffered serious injuries in the subject collision including, but not limited to, a Traumatic Brain Injury with brain bleed and concussion; hand fracture; and fractured vertebrae in her cervical spine.

13. As a result of the subject collision, Plaintiff, Denise Miller, underwent emergency and non-emergency medical care and further required therapy and continuing medical treatment for her injuries.

14. From the date of the collision through the present date, Plaintiff, Denise Miller, was entitled to health benefits provided by Defendant, AETNA LIFE INSURANCE COMPANY's Plan in which she was a participant.

15. At all material times, AETNA LIFE INSURANCE COMPANY, was a welfare benefits plan administered for the benefit of Plante Moran employees including Denise Miller.

16. At all material times, Plaintiff was covered for personal protection insurance (PIP) benefits by a policy issued by AUTO CLUB INSURANCE ASSOCIATION, Michigan, which provides for payment of all allowable expenses for Plaintiff, Denise Miller's, medical care, recovery and rehabilitation in accordance with M.C.L. §500.3107 and AETNA LIFE INSURANCE COMPANY, was aware of or informed or had express/implied knowledge of AUTO CLUB INSURANCE ASSOCIATION, coverage when they took action as referenced throughout this complaint.

17. In accordance with the terms of the Plan and upon information and belief, the Plan did pay expenses for Denise Miller's medical care and treatment, hospitalization and rehabilitation necessitated by her injuries suffered in the subject collision. Additionally, in accordance with her automobile insurance policy with AUTO CLUB INSURANCE ASSOCIATION, other medical expenses were paid by AUTO CLUB INSURANCE ASSOCIATION, on behalf of Plaintiff, between the dates of April 20, 2017 and the present.

18. Upon information and belief, although Plaintiff's health insurance policy was a qualified ERISA plan, the plan language may state that the plan would pay as

primary for any motor vehicle accident-related treatment.

19. As a result of her injuries sustained in the collision, Plaintiff, Denise Miller, suffered a "serious impairment of body function," which, under the Michigan No-Fault Act, MCL 500.3135, also entitled her to recover non-economic damages for her pain and suffering from the driver and owner of the at-fault motor vehicle involved in the subject collision.

20. Under the Michigan No-Fault Act, Plaintiff, Denise Miller, is specifically prohibited from recovering any medical expenses from the driver or owner of the at-fault motor vehicle involved in the subject collision.

21. The Plan purportedly contains a provision requiring Plaintiff, or those pursuing a legal claim on her behalf, to reimburse the Plan for any expenses which the Plan paid to or on behalf of Plaintiff, Denise Miller, related to any and all expenses for the care and treatment of her injuries, from any legal or other recovery made by or on behalf of Plaintiff arising out of the subject collision.

22. The purported reimbursement provision is allegedly without qualification and is owing notwithstanding the inability of Plaintiff, Denise Miller, or those acting on her behalf, to recover healthcare expenses in the third-party automobile negligence, in light of the limitations imposed by the Michigan No-Fault Act.

23. The Plan also purportedly contains a provision giving the Plan the right of subrogation with respect to any expenses which the Plan paid to or on behalf of Plaintiff, Denise Miller, related to any and all expenses for the care or treatment of injuries sustained by Plaintiff in the subject collision, from and legal or other

recovery made by or on behalf of Plaintiff arising out of the subject collision.

24. The purported subrogation provision is allegedly without qualification and is in effect notwithstanding the inability of Plaintiff, Denise Miller, or those acting on her behalf, to recover healthcare expenses in the third party automobile negligence action in light of the limitations imposed by the Michigan No-Fault Act.

25. The Plan also purportedly contains a provision giving the Plan the right of a lien with respect to any expenses which the Plan paid to or on behalf of Plaintiff, Denise Miller, related to any and all expenses for the care or treatment of injuries sustained by Plaintiff in the subject collision, from and legal or other recovery made by or on behalf of Plaintiff arising out of the subject collision.

26. The purported lien provision is allegedly without qualification and is in effect notwithstanding the inability of Plaintiff, Denise Miller, or those acting on her behalf, to recover healthcare expenses in the third party automobile negligence action in light of the limitations imposed by the Michigan No-Fault Act.

27. At all material times the Plan knew that it did not and does not have a valid claim for reimbursement or subrogation of medical expenses against a third-party automobile negligence claim as governed by the Michigan No-Fault Act.

## COUNT I
## DECLARATION OF RIGHTS UNDER ERISA AND MICHIGAN NO-FAULT ACT

28. Plaintiff restates all of the previous allegations as incorporated herein.

29. The terms of the Plan appear to be conflicting and ambiguous with respect to its duty to pay benefits in the context of a Michigan automobile accident, but resolution of

the ambiguity will not in any event result in a valid claim for reimbursement or subrogation against any third-party automobile negligence recovery by Plaintiff.

30. To the extent that there is any other fund against which Defendant AETNA LIFE INSURANCE COMPANY, may seek reimbursement or subrogation, it is the AUTO CLUB INSURANCE ASSOCIATION, PIP policy which provides coverage for medical expenses arising from the subject collision.

31. If the respective "coordination of benefits" language of the Plan and the AUTO CLUB INSURANCE ASSOCIATION, policy render the Plan primary, then the Plan remains primary and AUTO CLUB INSURANCE ASSOCIATION, second in priority although the Plan still has no right of recovery against Plaintiff's bodily injury claim as previously stated.

32. If, however, the Plan provisions regarding reimbursement/subrogation take precedence, essentially nullifying the above-referenced "coordination of benefits" language, then AUTO CLUB INSURANCE ASSOCIATION, is primary and the Plan may seek reimbursement against the AUTO CLUB INSURANCE ASSOCIATION, policy of no-fault insurance. AUTO CLUB INSURANCE ASSOCIATION, retains no right of reimbursement from any bodily injury claim of Plaintiff.

33. Pursuant to *FMC v Holliday*, 498 U.S. 52 (1990), and other controlling case law, the proper priority between the Plan and AUTO CLUB INSURANCE ASSOCIATION, will depend on whether the Plan is self-funded or is funded by insurance, and therefore falls under the ambit of state law regulating insurance, which here includes

the proscription in MCL 500.3116 forbidding reimbursement of medical benefits paid from any recovery under a "claim in tort based on the same accident bodily injury".

34. Plaintiff is informed and believes that Defendant AETNA LIFE INSURANCE COMPANY, will claim that the Plan is self-funded, but applicable case law authorities provide that the answer to this question must abide the true facts whether any secondary insurance coverage is available to the Plan.

35. In any event, under no circumstances is Plaintiff liable to Defendants for repayment of Plaintiff, Denise Miller's, medical expenses out of any third-party tort recovery, because she is herself prohibited by MCL 500.3135 from obtaining compensation for medical expenses.

36. Either AETNA LIFE INSURANCE COMPANY (The Plan) or AUTO CLUB INSURANCE ASSOCIATION, is primarily responsible for paying the medical expenses incurred by Plaintiff, Denise Miller, as a result of the subject collision.

37. There is a real and present controversy between the parties requiring the Court to declare their respective rights and duties in this regard.

WHEREFORE, Plaintiff requests this Honorable Court declare that AETNA LIFE INSURANCE COMPANY Plan and/or AUTO CLUB INSURANCE ASSOCIATION, are primary for payment of benefits and that neither is entitled to reimbursement or subrogation against any third-party recovery of Plaintiff pursuant to the applicable provisions of ERISA and the Michigan No-Fault Act.

**COUNT II**
**INJUNCTIVE RELIEF UNDER §502(a)(e) or ERISA**

38. Plaintiff restates all of the previous allegations as incorporated herein.

39. AETNA LIFE INSURANCE COMPANY Plan does not have a valid right of reimbursement, right of subrogation, or lien of any kind against Plaintiff from any third-party tort recovery arising out of the subject collision.

40. Plaintiff is a beneficiary of the Plan and is entitled to seek injunctive relief under ERISA §502(a)(3) to prevent any wrongful attempts by Defendants to pursue reimbursement or subrogation from any third-party tort recovery arising out of the subject collision.

41. Accordingly, it would be appropriate and equitable for this Court to enjoin Defendants from making any attempts to pursue reimbursement and/or subrogation against Plaintiff.

WHEREFORE, Plaintiff requests this Honorable Court grant a permanent injunction and declare that AETNA LIFE INSURANCE COMPANY Plan and/or AUTO CLUB INSURANCE ASSOCIATION, are primary for payment of benefits and that neither is entitled to reimbursement or subrogation against any third-party recovery of Plaintiff pursuant to the applicable provisions of ERISA and the Michigan No-Fault Act.

Respectfully submitted,

BUCKFIRE & BUCKFIRE, P.C.

BY:_ /s/ Robert J. Lantzy

ROBERT J. LANTZY (P57013)
BUCKFIRE & BUCKFIRE P.C.
Attorneys for Plaintiff
29000 Inkster Road, Ste. 150
Southfield, MI 48034
robert@buckfirelaw.com
(248) 569-4646

Dated: December 7, 2017