UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE MILLER,

Plaintiff / Counter-Defendant,

v.

Case No: 2:17-cv-13944-BAF-SDD
Hon. Bernard A. Friedman

AUTO CLUB INSURANCE ASSOCIATION
and AETNA LIFE INSURANCE COMPANY,

Defendants,

and

AETNA LIFE INSURANCE COMPANY,

Counter-Plaintiff,

v.

DENISE MILLER,

Counter-Defendant,

---

**AETNA LIFE INSURANCE COMPANY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

# ANSWER

Defendant Aetna Life Insurance Company ("Aetna"), by and through its attorneys, Howard & Howard Attorneys PLLC, for its answer to Plaintiff Denise Miller's ("Miller") Complaint states as follows:

## MILLER'S HEADING:

## "NATURE OF ACTION AND JURISDICTION"

**MILLER'S ALLEGATION:**

"1. This is an action to:

A. Declare Plaintiff's right to benefits and the priority of coverage under §502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1132, and the Michigan No-Fault Act, M.C.L. §500.3101, et seq.;

B. Enjoin certain acts and practices and to obtain other appropriate equitable relief under §502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3)."

**AETNA'S ANSWER:**

The allegations in the Complaint speak for themselves. To the extent that the allegations contained in paragraph 1 are inconsistent with the causes of action referenced in the Complaint, they are denied as untrue. In further response, Aetna denies that Plaintiff is entitled to the relief requested in the Complaint.

**MILLER'S ALLEGATION:**

"2. This Court has jurisdiction over Plaintiff's ERISA claims pursuant to 29 U.S.C. §1132(e)(1)."

**AETNA'S ANSWER:**

This allegation calls for a legal conclusion and therefore requires no response. To the extent that any response is required, Aetna does not contest this Court's jurisdiction.

**MILLER'S ALLEGATION:**

"3. This Court has supplemental jurisdiction over Plaintiff's claims arising under the Michigan No-Fault Act pursuant to 28 U.S.C. §1367(a)."

**AETNA'S ANSWER:**

This allegation calls for a legal conclusion and therefore requires no response. To the extent that any response is required, Aetna does not contest this Court's jurisdiction.

**MILLER'S ALLEGATION:**

"4. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b)."

**AETNA'S ANSWER:**

This allegation calls for a legal conclusion and therefore requires no response. To the extent that any response is required, Aetna does not contest venue.

**MILLER'S HEADING:**

**"PARTIES AND GENERAL ALLEGATIONS"**

**MILLER'S ALLEGATION:**

"5. Plaintiff, Denise Miller, (hereinafter "Plaintiff") was and continues to be a beneficiary of her employer Plante Moran (Identified as P & M HOLDING

GROUP LLP in the Benefit Plan), and a member of its medical plan (Hereinafter the "Plan"), being administered by AETNA LIFE INSURANCE COMPANY, and was, at all relevant times continuing to the present, insured under an automobile insurance policy through Defendant, AUTO CLUB INSURANCE ASSOCIATION, providing coverage under the Michigan No-Fault Act."

**AETNA'S ANSWER:**

In response to the allegations in paragraph 5, Aetna admits that the P&M Holding Group, LLP Benefit Plan is a self-funded ERISA healthcare plan (the "Plan"), that P&M Holding Group, LLP is the Plan administrator, and that Aetna has an Administrative Services Contract with the Plan; Aetna further admits that the Plaintiff was a covered employee and/or beneficiary under the Plan at all times relevant to this action; Aetna denies any part of those allegations that are inconsistent with this response. With respect to the allegations concerning the Plaintiff being "insured under an automobile insurance policy through Defendant, AUTO CLUB INSURANCE ASSOCIATION, providing coverage under the Michigan No-Fault Act," Aetna believes those allegations to be true.

**MILLER'S ALLEGATION:**

"6. Through her employment with Plante Moran, Plaintiff, Denise Miller, was provided with medical insurance benefits through the AETNA LIFE INSURANCE COMPANY plan."

**AETNA'S ANSWER:**

In response to the allegations in paragraph 6, Aetna admits that the P&M Holding Group, LLP Benefit Plan is a self-funded ERISA healthcare plan (the

"Plan"), that P&M Holding Group, LLP is the Plan administrator, and that Aetna has an Administrative Services Contract with the Plan; Aetna further admits that the Plaintiff was a covered employee and/or beneficiary under the Plan at all times relevant to this action; Aetna denies any part of those allegations that are inconsistent with this response.

**MILLER'S ALLEGATION:**

"7. Defendant, AETNA LIFE INSURANCE COMPANY Benefits Plan (Aetna Choice Pos II Medical – Core and Premier Plan), is a welfare benefits plan administered under the terms of ERISA for the benefit of Plante Moran's employees and their families, including beneficiaries living in Michigan."

**AETNA'S ANSWER:**

In response to the allegations in paragraph 7, Aetna admits that the P&M Holding Group, LLP Benefit Plan is a self-funded ERISA healthcare plan (the "Plan"), that P&M Holding Group, LLP is the Plan administrator, and that Aetna has an Administrative Services Contract with the Plan; Aetna further admits that the Plaintiff was a covered employee and/or beneficiary under the Plan at all times relevant to this action; Aetna denies any part of those allegations that are inconsistent with this response; the terms of the Plan speak for themselves; and Aetna denies any allegations that are inconsistent with the actual Plan language.

**MILLER'S ALLEGATION:**

"8. The Plan is administered under the terms of ERISA for the benefit of Plante Moran employees and their families living in Michigan."

**<u>AETNA'S ANSWER</u>:**

In response to the allegations in paragraph 8, Aetna admits that the P&M Holding Group, LLP Benefit Plan is a self-funded ERISA healthcare plan (the "Plan"), that P&M Holding Group, LLP is the Plan administrator, and that Aetna has an Administrative Services Contract with the Plan; Aetna further admits that the Plaintiff was a covered employee and/or beneficiary under the Plan at all times relevant to this action; Aetna denies any part of those allegations that are inconsistent with this response; the terms of the Plan speak for themselves; and Aetna denies any allegations that are inconsistent with the actual Plan language.

**<u>MILLER'S ALLEGATION</u>:**

"9. Defendant, AETNA LIFE INSURANCE COMPANY, is the claims administer for the plan with its principal place of business in Hartford, Connecticut. AETNA LIFE INSURANCE COMPANY conducts business throughout the State of Michigan."

**<u>AETNA'S ANSWER</u>:**

In response to the allegations in paragraph 9, Aetna admits that the P&M Holding Group, LLP Benefit Plan is a self-funded ERISA healthcare plan (the "Plan"), that P&M Holding Group, LLP is the Plan administrator, and that Aetna has an Administrative Services Contract with the Plan; Aetna denies any part of those allegations that are inconsistent with this response; the terms of the Plan speak for themselves; and Aetna denies any allegations that are inconsistent with the actual Plan language. Aetna admits that it has a place of business in Hartford, Connecticut,

Aetna admits that it does business in the State of Michigan and does not contest personal jurisdiction.

**MILLER'S ALLEGATION:**

"10. Defendant AUTO CLUB INSURANCE ASSOCIATION, is an insurance company domiciled in Wayne County, Michigan that provides insurance coverage to Michigan residents under policies sold throughout Michigan."

**AETNA'S ANSWER:**

In response to the allegations in paragraph 10, Aetna does not contest these allegations and believes them to be true.

**MILLER'S HEADING:**

**"FACTUAL BACKGROUND"**

**MILLER'S ALLEGATION:**

"11. Plaintiff, Denise Miller, was the operator of a motor vehicle on April 20, 2017, when she was seriously injured in a motor vehicle collision (hereinafter "subject collision") in Ann Arbor Twp., Michigan."

**AETNA'S ANSWER:**

In response to the allegations in paragraph 11, Aetna does not contest these allegations and believes them to be true.

**MILLER'S ALLEGATION:**

"12. Plaintiff, Denise Miller, suffered serious injuries in the subject collision including, but not limited to, a Traumatic Brain Injury with brain bleed and concussion; hand fracture; and fractured vertebrae in her cervical spine."

**AETNA'S ANSWER:**

In response to the allegations in paragraph 12, Aetna does not contest these allegations and believes them to be true.

**MILLER'S ALLEGATION:**

"13. As a result of the subject collision, Plaintiff, Denise Miller, underwent emergency and non-emergency medical care and further required therapy and continuing medical treatment for her injuries."

**AETNA'S ANSWER:**

In response to the allegations in paragraph 13, Aetna does not contest these allegations and believes them to be true.

**MILLER'S ALLEGATION:**

"14. From the date of the collision through the present date, Plaintiff, Denise Miller, was entitled to health benefits provided by Defendant, AETNA LIFE INSURANCE COMPANY's Plan in which she was a participant."

**AETNA'S ANSWER:**

In response to the allegations in paragraph 14, Aetna admits that the P&M Holding Group, LLP Benefit Plan is a self-funded ERISA healthcare plan (the "Plan"), that P&M Holding Group, LLP is the Plan administrator, and that Aetna has an Administrative Services Contract with the Plan; Aetna further admits that the Plaintiff was a covered employee and/or beneficiary under the Plan at all times relevant to this action; Aetna denies any part of those allegations that are inconsistent

with this response; the terms of the Plan speak for themselves; and Aetna denies any allegations that are inconsistent with the actual Plan language.

**MILLER'S ALLEGATION:**

"15. At all material times, AETNA LIFE INSURANCE COMPANY, was a welfare benefits plan administered for the benefit of Plante Moran employees including Denise Miller."

**AETNA'S ANSWER:**

In response to the allegations in paragraph 15, Aetna admits that the P&M Holding Group, LLP Benefit Plan is a self-funded ERISA healthcare plan (the "Plan"), that P&M Holding Group, LLP is the Plan administrator, and that Aetna has an Administrative Services Contract with the Plan; Aetna further admits that the Plaintiff was a covered employee and/or beneficiary under the Plan at all times relevant to this action; Aetna denies any part of those allegations that are inconsistent with this response; the terms of the Plan speak for themselves; and Aetna denies any allegations that are inconsistent with the actual Plan language.

**MILLER'S ALLEGATION:**

"16. At all material times, Plaintiff was covered for personal protection insurance (PIP) benefits by a policy issued by AUTO CLUB INSURANCE ASSOCIATION, Michigan, which provides for payment of all allowable expenses for Plaintiff, Denise Miller's, medical care, recovery and rehabilitation in accordance with M.C.L. §500.3107 and AETNA LIFE INSURANCE COMPANY, was aware of or informed or had express/implied knowledge of AUTO CLUB INSURANCE ASSOCIATION, coverage when they took action as referenced throughout this complaint."

**AETNA'S ANSWER:**

With respect to the allegations in paragraph 16 that: "At all material times, Plaintiff was covered for personal protection insurance (PIP) benefits by a policy issued by AUTO CLUB INSURANCE ASSOCIATION, Michigan, which provides for payment of all allowable expenses for Plaintiff, Denise Miller's, medical care, recovery and rehabilitation in accordance with M.C.L. §500.3107," Aetna does not contest these allegations and believes them to be true. With respect to the allegations in paragraph 16 that: "AETNA LIFE INSURANCE COMPANY, was aware of or informed or had express/implied knowledge of AUTO CLUB INSURANCE ASSOCIATION, coverage when they took action as referenced throughout this complaint," Aetna lacks information or knowledge sufficient to form a belief as to the truth of those allegations in the form and manner alleged and therefore denies them here.

**MILLER'S ALLEGATION:**

"17. In accordance with the terms of the Plan and upon information and belief, the Plan did pay expenses for Denise Miller's medical care and treatment, hospitalization and rehabilitation necessitated by her injuries suffered in the subject collision. Additionally, in accordance with her automobile insurance policy with AUTO CLUB INSURANCE ASSOCIATION, other medical expenses were paid by AUTO CLUB INSURANCE ASSOCIATION, on behalf of Plaintiff, between the dates of April 20, 2017 and the present."

**AETNA'S ANSWER:**

With respect to the allegations in paragraph 17 that: "In accordance with the terms of the Plan and upon information and belief, the Plan did pay expenses for Denise Miller's medical care and treatment, hospitalization and rehabilitation necessitated by her injuries suffered in the subject collision," Aetna admits compliance with the Plan, and admits that benefits were paid under the Plan for the treatment and care of the Plaintiff, for which the Plan is entitled to subrogation, reimbursement, a constructive trust, and lien rights, among others, in accordance with the terms of the Plan, ERISA, and applicable law. With respect to the allegations in paragraph 17 that: "Additionally, in accordance with her automobile insurance policy with AUTO CLUB INSURANCE ASSOCIATION, other medical expenses were paid by AUTO CLUB INSURANCE ASSOCIATION, on behalf of Plaintiff, between the dates of April 20, 2017 and the present," Aetna lacks information and knowledge sufficient to form a belief as to the truth of those allegations and therefore denies them here.

**MILLER'S ALLEGATION:**

"18. Upon information and belief, although Plaintiff's health insurance policy was a qualified ERISA plan, the plan language may state that the plan would pay as primary for any motor vehicle accident-related treatment."

**AETNA'S ANSWER:**

In response to the allegations in paragraph 18, the Plan language speaks for itself and Aetna denies any part of these allegations that are inconsistent with the actual language of the Plan.

**MILLER'S ALLEGATION:**

"19. As a result of her injuries sustained in the collision, Plaintiff, Denise Miller, suffered a "serious impairment of body function," which, under the Michigan No-Fault Act, MCL 500.3135, also entitled her to recover non-economic damages for her pain and suffering from the driver and owner of the at-fault motor vehicle involved in the subject collision."

**AETNA'S ANSWER:**

In response to the allegations in paragraph 19, Aetna lacks information and knowledge sufficient to form a belief as to the truth of those allegations, but does not contest those allegations here.

**MILLER'S ALLEGATION:**

"20. Under the Michigan No-Fault Act, Plaintiff, Denise Miller, is specifically prohibited from recovering any medical expenses from the driver or owner of the at-fault motor vehicle involved in the subject collision."

**AETNA'S ANSWER:**

This allegation calls for a legal conclusion and therefore requires no response. To the extent that any response is required, Aetna submits that the Michigan No-Fault Act speaks for itself.

**<u>MILLER'S ALLEGATION</u>:**

> "21. The Plan purportedly contains a provision requiring Plaintiff, or those pursuing a legal claim on her behalf, to reimburse the Plan for any expenses which the Plan paid to or on behalf of Plaintiff, Denise Miller, related to any and all expenses for the care and treatment of her injuries, from any legal or other recovery made by or on behalf of Plaintiff arising out of the subject collision."

**<u>AETNA'S ANSWER</u>:**

In response to the allegations in paragraph 21, Aetna admits that the Plan is entitled to subrogation, reimbursement, a constructive trust, and lien rights, among others, in accordance with the terms of the Plan, ERISA, and applicable law; Aetna denies any part of these allegations that are inconsistent with the terms of the Plan, ERISA, and applicable law.

**<u>MILLER'S ALLEGATION</u>:**

> "22. The purported reimbursement provision is allegedly without qualification and is owing notwithstanding the inability of Plaintiff, Denise Miller, or those acting on her behalf, to recover healthcare expenses in the third-party automobile negligence, in light of the limitations imposed by the Michigan No-Fault Act."

**<u>AETNA'S ANSWER</u>:**

In response to the allegations in paragraph 22, Aetna admits that the Plan is entitled to subrogation, reimbursement, a constructive trust, and lien rights, among others, in accordance with the terms of the Plan, ERISA, and applicable law; Aetna denies any part of these allegations that are inconsistent with the terms of the Plan, ERISA, and applicable law.

**MILLER'S ALLEGATION:**

"23. The Plan also purportedly contains a provision giving the Plan the right of subrogation with respect to any expenses which the Plan paid to or on behalf of Plaintiff, Denise Miller, related to any and all expenses for the care or treatment of injuries sustained by Plaintiff in the subject collision, from and legal or other recovery made by or on behalf of Plaintiff arising out of the subject collision."

**AETNA'S ANSWER:**

In response to the allegations in paragraph 23, Aetna admits that the Plan is entitled to subrogation, reimbursement, a constructive trust, and lien rights, among others, in accordance with the terms of the Plan, ERISA, and applicable law; Aetna denies any part of these allegations that are inconsistent with the terms of the Plan, ERISA, and applicable law.

**MILLER'S ALLEGATION:**

"24. The purported subrogation provision is allegedly without qualification and is in effect notwithstanding the inability of Plaintiff, Denise Miller, or those acting on her behalf, to recover healthcare expenses in the third party automobile negligence action in light of the limitations imposed by the Michigan No-Fault Act."

**AETNA'S ANSWER:**

In response to the allegations in paragraph 24, Aetna admits that the Plan is entitled to subrogation, reimbursement, a constructive trust, and lien rights, among others, in accordance with the terms of the Plan, ERISA, and applicable law; Aetna denies any part of these allegations that are inconsistent with the terms of the Plan, ERISA, and applicable law.

**MILLER'S ALLEGATION:**

"25. The Plan also purportedly contains a provision giving the Plan the right of a lien with respect to any expenses which the Plan paid to or on behalf of Plaintiff, Denise Miller, related to any and all expenses for the care or treatment of injuries sustained by Plaintiff in the subject collision, from and legal or other recovery made by or on behalf of Plaintiff arising out of the subject collision."

**AETNA'S ANSWER:**

In response to the allegations in paragraph 25, Aetna admits that the Plan is entitled to subrogation, reimbursement, a constructive trust, and lien rights, among others, in accordance with the terms of the Plan, ERISA, and applicable law; Aetna denies any part of these allegations that are inconsistent with the terms of the Plan, ERISA, and applicable law.

**MILLER'S ALLEGATION:**

"26. The purported lien provision is allegedly without qualification and is in effect notwithstanding the inability of Plaintiff, Denise Miller, or those acting on her behalf, to recover healthcare expenses in the third party automobile negligence action in light of the limitations imposed by the Michigan No-Fault Act."

**AETNA'S ANSWER:**

In response to the allegations in paragraph 26, Aetna admits that the Plan is entitled to subrogation, reimbursement, a constructive trust, and lien rights, among others, in accordance with the terms of the Plan, ERISA, and applicable law; Aetna denies any part of these allegations that are inconsistent with the terms of the Plan, ERISA, and applicable law.

**MILLER'S ALLEGATION:**

"27. At all material times the Plan knew that it did not and does not have a valid claim for reimbursement or subrogation of medical expenses against a third-party automobile negligence claim as governed by the Michigan No-Fault Act."

**AETNA'S ANSWER:**

In response to the allegations in paragraph 27, Aetna denies those allegations because they are untrue.

**MILLER'S HEADING:**

**"COUNT I"**
**"DECLARATION OF RIGHTS UNDER ERISA AND MICHIGAN NO-FAULT ACT"**

**MILLER'S ALLEGATION:**

"28. Plaintiff restates all of the previous allegations as incorporated herein."

**AETNA'S ANSWER:**

In response to the allegations in paragraph 28, Aetna incorporates and re-alleges by reference all of Aetna's responses to the preceding paragraphs in the Complaint, just as if they were set forth again here.

**MILLER'S ALLEGATION:**

"29. The terms of the Plan appear to be conflicting and ambiguous with respect to its duty to pay benefits in the context of a Michigan automobile accident, but resolution of the ambiguity will not in any event result in a valid claim for reimbursement or subrogation against any third-party automobile negligence recovery by Plaintiff."

**AETNA'S ANSWER:**

In response to the allegations in paragraph 29, Aetna denies these allegations because they are untrue; Aetna admits that the Plan is entitled to subrogation, reimbursement, a constructive trust, and lien rights, among others, in accordance with the terms of the Plan, ERISA, and applicable law; Aetna denies any part of these allegations that are inconsistent with the terms of the Plan, ERISA, and applicable law.

**MILLER'S ALLEGATION:**

"30. To the extent that there is any other fund against which Defendant AETNA LIFE INSURANCE COMPANY, may seek reimbursement or subrogation, it is the AUTO CLUB INSURANCE ASSOCIATION, PIP policy which provides coverage for medical expenses arising from the subject collision."

**AETNA'S ANSWER:**

In response to the allegations in paragraph 30, Aetna denies these allegations because they are untrue; Aetna admits that the Plan is entitled to subrogation, reimbursement, a constructive trust, and lien rights, among others, in accordance with the terms of the Plan, ERISA, and applicable law; Aetna denies any part of these allegations that are inconsistent with the terms of the Plan, ERISA, and applicable law.

**MILLER'S ALLEGATION:**

"31. If the respective "coordination of benefits" language of the Plan and the AUTO CLUB INSURANCE ASSOCIATION, policy render the Plan primary, then the Plan remains primary and AUTO CLUB INSURANCE

ASSOCIATION, second in priority although the Plan still has no right of recovery against Plaintiff's bodily injury claim as previously stated."

**AETNA'S ANSWER:**

In response to the allegations in paragraph 31, Aetna denies these allegations because they are untrue; Aetna admits that the Plan is entitled to subrogation, reimbursement, a constructive trust, and lien rights, among others, in accordance with the terms of the Plan, ERISA, and applicable law; Aetna denies any part of these allegations that are inconsistent with the terms of the Plan, ERISA, and applicable law.

**MILLER'S ALLEGATION:**

"32. If, however, the Plan provisions regarding reimbursement/subrogation take precedence, essentially nullifying the above-referenced "coordination of benefits" language, then AUTO CLUB INSURANCE ASSOCIATION, is primary and the Plan may seek reimbursement against the AUTO CLUB INSURANCE ASSOCIATION, policy of no-fault insurance. AUTO CLUB INSURANCE ASSOCIATION, retains no right of reimbursement from any bodily injury claim of Plaintiff."

**AETNA'S ANSWER:**

In response to the allegations in paragraph 32, Aetna denies these allegations because they are untrue; Aetna admits that the Plan is entitled to subrogation, reimbursement, a constructive trust, and lien rights, among others, in accordance with the terms of the Plan, ERISA, and applicable law; Aetna denies any part of these allegations that are inconsistent with the terms of the Plan, ERISA, and applicable law.

**MILLER'S ALLEGATION:**

"33. Pursuant to *FMC v Holliday*, 498 U.S. 52 (1990), and other controlling case law, the proper priority between the Plan and AUTO CLUB INSURANCE ASSOCIATION, will depend on whether the Plan is self-funded or is funded by insurance, and therefore falls under the ambit of state law regulating insurance, which here includes the proscription in MCL 500.3116 forbidding reimbursement of medical benefits paid from any recovery under a "claim in tort based on the same accident bodily injury"."

**AETNA'S ANSWER:**

This allegation calls for a legal conclusion and therefore requires no response. To the extent that any response is required, Aetna denies these allegations because they are untrue; Aetna admits that the Plan is entitled to subrogation, reimbursement, a constructive trust, and lien rights, among others, in accordance with the terms of the Plan, ERISA, and applicable law; Aetna denies any part of these allegations that are inconsistent with the terms of the Plan, ERISA, and applicable law.

**MILLER'S ALLEGATION:**

"34. Plaintiff is informed and believes that Defendant AETNA LIFE INSURANCE COMPANY, will claim that the Plan is self-funded, but applicable case law authorities provide that the answer to this question must abide the true facts whether any secondary insurance coverage is available to the Plan."

**AETNA'S ANSWER:**

In response to the allegations in paragraph 34, Aetna admits the Plan is a self-funded ERISA benefits plan; Aetna admits that the Plaintiff was notified that the Plan is entitled to subrogation, reimbursement, a constructive trust, and lien rights,

among others, in accordance with the terms of the Plan, ERISA, and applicable law; Aetna denies any part of these allegations that are inconsistent with the terms of the Plan, ERISA, and applicable law.

**MILLER'S ALLEGATION:**

"35. In any event, under no circumstances is Plaintiff liable to Defendants for repayment of Plaintiff, Denise Miller's, medical expenses out of any third-party tort recovery, because she is herself prohibited by MCL 500.3135 from obtaining compensation for medical expenses."

**AETNA'S ANSWER:**

In response to the allegations in paragraph 35, Aetna denies these allegations because they are untrue; Aetna admits the Plan is a self-funded ERISA benefits plan; Aetna admits that the Plaintiff was notified that the Plan is entitled to subrogation, reimbursement, a constructive trust, and lien rights, among others, in accordance with the terms of the Plan, ERISA, and applicable law; Aetna denies any part of these allegations that are inconsistent with the terms of the Plan, ERISA, and applicable law.

**MILLER'S ALLEGATION:**

"36. Either AETNA LIFE INSURANCE COMPANY (The Plan) or AUTO CLUB INSURANCE ASSOCIATION, is primarily responsible for paying the medical expenses incurred by Plaintiff, Denise Miller, as a result of the subject collision."

**AETNA'S ANSWER:**

In response to the allegations in paragraph 36, Aetna admits compliance with the Plan, and admits that benefits were paid under the Plan for the treatment and care of the Plaintiff, for which the Plan is entitled to subrogation, reimbursement, a constructive trust, and lien rights, among others, in accordance with the terms of the Plan, ERISA, and applicable law. Aetna denies any part of these allegations that are inconsistent with the terms of the Plan, ERISA, and applicable law.

**MILLER'S ALLEGATION:**

"37. There is a real and present controversy between the parties requiring the Court to declare their respective rights and duties in this regard."

**AETNA'S ANSWER:**

In response to the allegations in paragraph 37, because of Plaintiff's non-compliance with the terms of the Plan, ERISA, and applicable law, Aetna does not contest that "there is a real and present controversy between the parties requiring the Court to declare their respective rights and duties in this regard."

WHEREFORE, Aetna respectfully requests that this Honorable Court (a) deny the relief requested by the Plaintiff, (b) declare that the Plan is entitled to subrogation, reimbursement, a constructive trust, and lien rights, among others, in accordance with the terms of the Plan, ERISA, and applicable law, (c) award Aetna the attorney fees and costs that it incurs in this action pursuant to 29 U.S.C. §

1132(g), and (d) order any other or alternative relief deemed appropriate under the circumstances.

**MILLER'S HEADING:**

**"COUNT II"**
**"INJUNCTIVE RELIEF UNDER §502(a)(e) or ERISA"**

**MILLER'S ALLEGATION:**

"38. Plaintiff restates all of the previous allegations as incorporated herein."

**AETNA'S ANSWER:**

In response to the allegations in paragraph 38, Aetna incorporates and re-alleges by reference all of Aetna's responses to the preceding paragraphs in the Complaint, just as if they were set forth again here.

**MILLER'S ALLEGATION:**

"39. AETNA LIFE INSURANCE COMPANY Plan does not have a valid right of reimbursement, right of subrogation, or lien of any kind against Plaintiff from any third-party tort recovery arising out of the subject collision."

**AETNA'S ANSWER:**

In response to the allegations in paragraph 39, Aetna denies those allegations because they are untrue.

**MILLER'S ALLEGATION:**

"40. Plaintiff is a beneficiary of the Plan and is entitled to seek injunctive relief under ERISA §502(a)(3) to prevent any wrongful attempts by Defendants to pursue reimbursement or subrogation from any third-party tort recovery arising out of the subject collision."

**AETNA'S ANSWER:**

In response to the allegations in paragraph 40, Aetna denies any alleged "wrongful attempts by Defendants to pursue reimbursement or subrogation from any third-party tort recovery arising out of the subject collision" because those allegations are untrue and denies the legal conclusions comprising the balance of those allegations as well.

**MILLER'S ALLEGATION:**

"41. Accordingly, it would be appropriate and equitable for this Court to enjoin Defendants from making any attempts to pursue reimbursement and/or subrogation against Plaintiff."

**AETNA'S ANSWER:**

In response to the allegations in paragraph 41, Aetna denies those allegations because they are untrue.

WHEREFORE, Aetna respectfully requests that this Honorable Court (a) deny the relief requested by the Plaintiff, (b) declare that the Plan is entitled to subrogation, reimbursement, a constructive trust, and lien rights, among others, in accordance with the terms of the Plan, ERISA, and applicable law, (c) award Aetna the attorney fees and costs that it incurs in this action pursuant to 29 U.S.C. § 1132(g), and (d) order any other or alternative relief deemed appropriate under the circumstances.

## AFFIRMATIVE DEFENSES

Defendant Aetna Life Insurance Company, by and through its attorneys, Howard & Howard Attorneys PLLC, for its affirmative defenses states as follows:

1. Plaintiff has failed to state a claim for which relief could be granted and Aetna is entitled to judgment in its favor as a matter of law.

2. Plaintiff's claims are barred by the terms of the Plan, ERISA, and applicable law.

3. The Plan is entitled to reimbursement from Plaintiff for all amounts paid under the Plan for the benefit of the Plaintiff.

4. At all times relevant hereto, the Plan has acted in good faith and dealt fairly with the Plaintiff.

5. The Plan is entitled to an award of the attorney fees and costs that it incurs in this action pursuant to 29 U.S.C. § 1132(g).

6. The Plan expressly reserves the right to supplement and/or amend these affirmative defenses.

WHEREFORE, Aetna respectfully requests that this Honorable Court (a) deny the relief requested by the Plaintiff, (b) declare that the Plan is entitled to subrogation, reimbursement, a constructive trust, and lien rights, among others, in accordance with the terms of the Plan, ERISA, and applicable law, (c) award Aetna the attorney fees and costs that it incurs in this action pursuant to 29 U.S.C. §

1132(g), and (d) order any other or alternative relief deemed appropriate under the circumstances.

## COUNTERCLAIM

Defendant Aetna Life Insurance Company, by and through its attorneys, Howard & Howard Attorneys PLLC, for counterclaim states as follows:

1. The P&M Holding Group, LLP Benefit Plan is a self-funded ERISA healthcare plan (the "Plan"); P&M Holding Group, LLP is the Plan administrator; and Aetna has an Administrative Services Contract with the Plan.

2. ERISA plan documents relevant to the Plan and this counterclaim are attached as Exhibit "A" hereto.

3. The Plaintiff was a covered employee and/or beneficiary under the Plan at all times relevant to this action.

4. This Honorable Court possesses jurisdiction under 28 U.S.C. § 1367(a) and 29 U.S.C. § 1132(e)(2) over the counterclaims against the Plaintiff.

5. The relevant Plan language states among other things as follows:

"**Subrogation and Right of Recovery Provision**

***Definitions***
As used throughout this provision, the term "Responsible Party" means any party actually, possibly, or potentially responsible for making any payment to a Covered Person due to a Covered Person's injury, illness, or condition. The term "Responsible Party" includes the liability insurer of such party or any insurance coverage.

For purposes of this provision, the term "Insurance Coverage" refers to any coverage providing medical expense coverage or liability coverage including, but not limited to, uninsured motorist coverage, underinsured motorist coverage, personal umbrella coverage, medical payments coverage, workers compensation coverage, no-fault automobile insurance coverage, or any first party insurance coverage.

For purposes of this provision, a "Covered Person" includes anyone on whose behalf the plan pays or provides any benefit including, but not limited to, the minor child or dependent of any plan member or person entitled to receive any benefits from the plan.

***Subrogation***
Immediately upon paying or providing any benefit under this plan, the plan shall be subrogated to (stand in the place of) all rights of recovery a Covered Person has against any Responsible Party with respect to any payment made by the Responsible Party to a Covered Person due to a Covered Person's injury, illness, or condition to the full extent of benefits provided or to be provided by the plan.

***Reimbursement***
In addition, if a Covered Person receives any payment from any Responsible Party or Insurance Coverage as a result of an injury, illness, or condition, the plan has the right to recover from, and be reimbursed by, the Covered Person for all amounts this plan has paid and will pay as a result of that injury, illness, or condition, from such payment, up to and including the full amount the Covered Person receives from any Responsible Party.

***Constructive Trust***
By accepting benefits (whether the payment of such benefits is made to the Covered Person or made on behalf of the Covered Person to any provider) from the plan, the Covered Person agrees that if he or she receives any payment from any Responsible Party as a result of an injury, illness, or condition, he or she will serve as a constructive trustee over the funds that constitutes such payment. Failure to hold such funds in trust will be deemed a breach of the Covered Person's fiduciary duty to the plan.

***Lien Rights***
Further, the plan will automatically have a lien to the extent of benefits paid by the plan for the treatment of the illness, injury, or condition for which the Responsible Party is liable. The lien shall be imposed upon any recovery whether by settlement, judgment, or otherwise, including from any Insurance Coverage, related to treatment

for any illness, injury, or condition for which the plan paid benefits. The lien may be enforced against any party who possesses funds or proceeds representing the amount of benefits paid by the plan including, but not limited to, the Covered Person, the Covered Person's representative or agent; Responsible Party; Responsible Party's insurer, representative, or agent; and/or any other source possessing funds representing the amount of benefits paid by the plan.

***First-Priority Claim***

By accepting benefits (whether the payment of such benefits is made to the Covered Person or made on behalf of the Covered Person to any provider) from the plan, the Covered Person acknowledges that this plan's recovery rights are a first priority claim against all Responsible Parties and are to be paid to the plan before any other claim for the Covered Person's damages. This plan shall be entitled to full reimbursement on a first-dollar basis from any Responsible Party's payments, even if such payment to the plan will result in a recovery to the Covered Person which is insufficient to make the Covered Person whole or to compensate the Covered Person in part or in whole for the damages sustained. The plan is not required to participate in or pay court costs or attorney fees to any attorney hired by the Covered Person to pursue the Covered Person's damage claim.

***Applicability to All Settlements and Judgments***

The terms of this entire subrogation and right of recovery provision shall apply and the plan is entitled to full recovery regardless of whether any liability for payment is admitted by any Responsible Party and regardless of whether the settlement or judgment received by the Covered Person identifies the medical benefits the plan provided or purports to allocate any portion of such settlement or judgment to payment of expenses other than medical expenses. The plan is entitled to recover from any and all settlements or judgments, even those designated as pain and suffering, non-economic damages, and/or general damages only.

***Cooperation***

The Covered Person shall fully cooperate with the plan's efforts to recover its benefits paid. It is the duty of the Covered Person to notify the plan within 30 days of the date when any notice is given to any party, including an insurance company or attorney, of the Covered Person's intention to pursue or investigate a claim to recover damages or obtain compensation due to injury, illness, or condition sustained by the Covered Person. The Covered Person and his or her agents shall provide all information requested by the plan, the Claims Administrator or its representative including, but not limited to, completing and submitting any applications or other forms or statements as the plan may reasonably request. Failure

to provide this information may result in the termination of health benefits for the Covered Person or the institution of court proceedings against the Covered Person.

The Covered Person shall do nothing to prejudice the plan's subrogation or recovery interest or to prejudice the plan's ability to enforce the terms of this plan provision. This includes, but is not limited to, refraining from making any settlement or recovery that attempts to reduce or exclude the full cost of all benefits provided by the plan.

The Covered Person acknowledges that the plan has the right to conduct an investigation regarding the injury, illness, or condition to identify any Responsible Party. The plan reserves the right to notify responsible Party and his or her agents of its lien. Agents include, but are not limited to, insurance companies and attorneys.

***Interpretation***
In the event that any claim is made that any part of this subrogation and right of recovery provision is ambiguous or questions arise concerning the meaning or intent of any of its terms, the Claims Administrator for the plan shall have the sole authority and discretion to resolve all disputes regarding the interpretation of this provision.

***Jurisdiction***
By accepting benefits (whether the payment of such benefits is made to the Covered Person or made on behalf of the Covered Person to any provider) from the plan, the Covered Person agrees that any court proceeding with respect to this provision may be brought in any court of competent jurisdiction as the plan may elect. By accepting such benefits, the Covered Person hereby submits to each such jurisdiction, waiving whatever rights may correspond to him or her by reason of his or her present or future domicile."

Exhibit "A" – page 69-71.

6. On or about April 20, 2017, the Plaintiff was the operator of a motor vehicle when she was seriously injured in a motor vehicle collision.

7. The Plaintiff's injuries necessitated medical treatment and expenses, which were paid by or on behalf of the Plan for the benefit of the Plaintiff under the terms of the Plan.

8. The Plan's payments for Plaintiff's medical expenses equal at least $35,280.74.

9. After she was involved in the motor vehicle collision, Plaintiff pursued claims against other parties involved in the collision and recovered money from one or more third parties for the injuries that she suffered as a result of the collision (the "Settlement Fund") and for which benefits were paid by the Plan on her behalf.

10. The Plan has a right to full and unqualified reimbursement from the Settlement Fund and any other recovery for the full amount of the medical expense payments made or to be made on Plaintiff's behalf by the Plan.

11. Under the terms of the Plan, the Plan possesses a lien on the Settlement Fund and any other recovery for the full extent of benefits paid or to be paid by the Plan for the Plaintiff's treatment and care.

12. Under the terms of the Plan, and as a condition of receiving benefits under the Plan, the Plaintiff agreed to serve as constructive trustee over the Settlement Fund for the benefit of the Plan and the other Plan beneficiaries.

13. Under the terms of the Plan, the Plaintiff must reimburse the Plan an amount equal to the medical expense payments paid by the Plan on Plaintiff's behalf.

14. The Plan or its agent notified the Plaintiff and her attorney concerning the Plan's lien and the Plan's reimbursement and other rights.

15. The Plaintiff, through her attorney, has denied the Plan's lien and reimbursement rights and has now filed this action in contravention of the Plan language, the rights of the Plan, ERISA, and applicable law.

**Count I - Reimbursement**

16. Aetna incorporates and re-alleges by reference all of the preceding paragraphs in the Counterclaim, just as if they were set forth again here.

17. 29 U.S.C. § 1132(a)(3) and Federal common law permit an ERISA plan fiduciary to enforce against a plan participant or beneficiary the plan's reimbursement rights under the plan.

18. 29 U.S.C. § 1132(d) and Federal common law permit an ERISA plan to sue a plan participant or beneficiary to enforce the plan's reimbursement rights under the plan.

19. The Plan has a right to full and unqualified reimbursement from Plaintiff and the Settlement Fund for the full amount of medical benefit payments made or to be made by the Plan on Plaintiff's behalf under the Plan.

20. Under the terms of the Plan, the Plan possesses a lien on the Settlement Fund and any other recovery for the full extent of benefits paid or to be paid by the Plan for the Plaintiff's treatment and care.

21. Under the terms of the Plan, and as a condition of receiving benefits under the Plan, the Plaintiff agreed to serve as constructive trustee over the Settlement Fund for the benefit of the Plan and the other Plan beneficiaries.

22. Under the terms of the Plan, the Plaintiff must reimburse the Plan an amount equal to the medical expense payments paid by the Plan on Plaintiff's behalf.

23. Despite the Plan's lien and right to full reimbursement from the Settlement Fund and any other recovery, Plaintiff has not reimbursed the Plan for any of the expenses that the Plan paid on behalf of the Plaintiff.

24. Under the terms of the Plan, the Plaintiff must reimburse the Plan an amount equal to the medical expense payments paid or to be paid by the Plan on Plaintiff's behalf.

25. The Plan is also entitled to its reasonable attorney fees and costs under 29 U.S.C. § 1132(g).

## **Count II – Declaratory and Injunctive Relief**

26. Aetna incorporates and re-alleges by reference all of the preceding paragraphs in the Counterclaim, just as if they were set forth again here.

27. There is an actual case in controversy for which a declaratory judgment concerning the Plan's reimbursement rights is appropriate.

28. The Plan is entitled to a declaratory judgment that the Plaintiff must reimburse the Plan an amount equal to the medical expense payments paid or to be

paid by the Plan on Plaintiff's behalf, under the terms of the Plan, ERISA, and applicable law.

29. Injunctive relief directing the Plaintiff and those acting in concert with her, including her attorney, to cooperate with the Plan and take all steps necessary to protect the Plan's reimbursement rights is necessary to secure the Plan's right to reimbursement with respect to the medical expense payments paid or to be paid by the Plan on Plaintiff's behalf.

30. The Plan is entitled to a declaratory judgment that the Plan is also entitled to its reasonable attorney fees and costs under 29 U.S.C. § 1132(g).

WHEREFORE, Aetna respectfully requests that this Honorable Court:

A. Award judgment in favor of the Plan and against the Plaintiff for the full reimbursement amount;

B. Declare that Plaintiff is obligated to reimburse the Plan for all past and future medical expense payments made by the Plan on behalf of the Plaintiff, up to the full amount of the Settlement Fund and any other recovery;

C. Enter an injunction ordering the Plaintiff, and those acting in concert with or on behalf of the Plaintiff including her attorney, to cooperate with the Plan and take all steps necessary to protect and secure the Plan's rights of reimbursement for all past and future medical expense

payments made by the Plan on behalf of the Plaintiff, up to the full amount of the Settlement Fund and any other recovery;

D. Award the Plan its reasonable costs, expenses, and interest, as well as its attorney fees pursuant to 29 U.S.C. § 1132(g).

E. Order any other or alternative relief deemed appropriate under the circumstances.

Respectfully submitted,

HOWARD & HOWARD ATTORNEYS PLLC

Dated: March 1, 2018

By: */s/ Thomas H. Walters*
Thomas H. Walters (P51413)
Attorneys for Aetna Life Insurance Company
450 West Fourth Street
Royal Oak, Michigan 48067
(248) 645-1483

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2018, I electronically filed **Defendant Aetna Life Insurance Company's Answer, Affirmative Defenses, and Counterclaim** with this **Certificate of Service** with the Clerk of the Court using the ECF system, which will send notification of such filing to those registered persons/members of the Court's ECF system who are participants in these proceedings via electronic notice of this filing.

Dated: March 1, 2018

*/s/ Thomas H. Walters*
Thomas H. Walters (P51413)