STATE OF MICHIGAN
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE MILLER,

Plaintiff,

Case No.: 2:17 cv 13944 BAF SDD
Hon. Bernard A. Friedman

-vs-

AUTO CLUB INSURANCE ASSOCIATION, a Michigan corporation, and
AETNA LIFE INSURANCE COMPANY, a Foreign Corporation, Jointly and Severally,

Defendants.

And

AETNA LIFE INSURANCE COMPANY,

Counter-Plaintiff,

v.

DENISE MILLER,

Counter-Defendant.
______________________________________________________________________/

ROBERT J. LANTZY (P57013)
BUCKFIRE & BUCKFIRE, P.C.
ATTORNEY FOR PLAINTIFF
29000 Inkster Road, Ste. 150
Southfield, MI 48034
248 569-4646
robert@buckfirelaw.com

HOM, ARENE, BACHRACH,
CORBETT & KRAMER
BY: ELAINE I. HARDING (P38899)
Attorney for Defendant ACIA
150 W. Jefferson, Ste. 1500
Detroit, Michigan 48226-4415
313-237-5626 / 313-237-5720 (Fax)
EIHarding@aaamichigan.com

THOMAS H. WALTERS (P51413)
Attorney for Aetna Life Insurance Company
450 West Fourth Street
Royal Oak, MI 48067
(248) 645-1483
_______________________________________________/

**DEFENDANT AUTO CLUB INSURANCE ASSOCIATION'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND**

NOW COMES Defendant, AUTO CLUB INSURANCE ASSOCIATION, by and through its attorneys, HOM, ARENE, BACHRACH, CORBETT & KRAMER, and in answer to Plaintiff's Complaint says as follows:

**NATURE OF ACTION AND JURISDICTION**

1. Answering paragraph 1, Defendant neither admits nor denies the allegations contained therein, since it is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, leaves Plaintiff to her proofs.

2. Answering paragraph 2, Defendant neither admits nor denies the allegations contained therein, since it is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, leaves Plaintiff to her proofs.

3. Answering paragraph 3, Defendant neither admits nor denies the allegations contained therein, since it is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, leaves Plaintiff to her proofs.

4. Answering paragraph 4, Defendant neither admits nor denies the allegations contained therein, since it is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, leaves Plaintiff to her proofs.

**PARTIES AND GENERAL ALLEGATIONS**

5. Answering paragraph 5, Admit that on the date of the accident the Plaintiff, Denise Miller, was insured under an automobile insurance policy through Defendant, Auto Club Insurance Association, providing coverage under the Michigan No-Fault Act; neither admit nor deny all other allegations contained therein.

6. Answering paragraph 6, Defendant neither admits nor denies the allegations contained therein, since it is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, leaves Plaintiff to her proofs.

7. Answering paragraph 7, Defendant neither admits nor denies the allegations contained therein, since it is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, leaves Plaintiff to her proofs.

8. Answering paragraph 8, Defendant neither admits nor denies the allegations contained therein, since it is without knowledge or information

sufficient to form a belief as to the truth of these allegations and, therefore, leaves Plaintiff to her proofs.

9. Answering paragraph 9, Defendant neither admits nor denies the allegations contained therein, since it is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, leaves Plaintiff to her proofs.

10. Answering paragraph 10, Admit Defendant Auto Insurance Association is a reciprocal insurance exchange doing business in the County of Wayne; State of Michigan; neither admit nor deny all other allegations contained therein.

## FACTUAL BACKGROUND

11. Answering paragraph 11, Admit Denise Miller was involved in a motor vehicle accident on April 20, 2017; neither admit nor deny all other allegations contained therein.

12. Answering paragraph 12, Defendant neither admits nor denies the allegations contained therein, since it is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, leaves Plaintiff to her proofs.

13. Answering paragraph 13, Defendant neither admits nor denies the allegations contained therein, since it is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, leaves Plaintiff to her proofs.

14. Answering paragraph 14, Defendant neither admits nor denies the allegations contained therein, since it is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, leaves Plaintiff to her proofs.

15. Answering paragraph 15, Defendant neither admits nor denies the allegations contained therein, since it is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, leaves Plaintiff to her proofs.

16. Answering paragraph 16, Admit on the date of the accident, the Plaintiff was covered under a Car Policy issued by Auto Club Insurance Association, which provided for benefits in accordance with MCL 500.3101 et. seq.; neither admit nor deny all other allegations contained therein.

17. Answering paragraph 17, Defendant neither admits nor denies the allegations contained therein, since it is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, leaves Plaintiff to her proofs.

18. Answering paragraph 18, Defendant neither admits nor denies the allegations contained therein, since it is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, leaves Plaintiff to her proofs.

19. Answering paragraph 19, Admit pursuant to MCL 500.3135, the Plaintiff is entitled to recover non economic damages pursuant to the terms contained therein; neither admit nor deny all other allegations contained therein.

20. Answering paragraph 20, Defendant admits same.

21. Answering paragraph 21, Defendant neither admits nor denies the allegations contained therein, since it is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, leaves Plaintiff to her proofs.

22. Answering paragraph 22, Defendant neither admits nor denies the allegations contained therein, since it is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, leaves Plaintiff to her proofs.

23. Answering paragraph 23, Defendant neither admits nor denies the allegations contained therein, since it is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, leaves Plaintiff to her proofs.

24. Answering paragraph 24, Defendant neither admits nor denies the allegations contained therein, since it is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, leaves Plaintiff to her proofs.

25. Answering paragraph 25, Defendant neither admits nor denies the allegations contained therein, since it is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, leaves Plaintiff to her proofs.

26. Answering paragraph 26, Defendant neither admits nor denies the allegations contained therein, since it is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, leaves Plaintiff to her proofs.

27. Answering paragraph 27, Defendant neither admits nor denies the allegations contained therein, since it is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, leaves Plaintiff to her proofs.

**COUNT I - DECLARATION OF RIGHTS UNDER ERISA AND MICHIGAN NO-FAULT ACT**

28. Defendant repeats and realleges each and every answer contained in paragraphs 1 through 4 of NATURE OF ACTION AND JURISDICTION and paragraphs 5 through 10 of PARTIES AND GENERAL ALLEGATIONS and paragraphs 11 through 27 of FACTUAL BACKGROUND as if set forth word for word and paragraph by paragraph.

29. Answering paragraph 29, Admit the terms of the Plan render the Michigan Automobile Policy secondary in regard to payment of medical expenses; neither admit nor deny all other allegations contained therein.

30. Answering paragraph 30, Defendant neither admits nor denies the allegations contained therein, since it is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, leaves Plaintiff to her proofs.

31. Answering paragraph 31, Defendant admits same.

32. Answering paragraph 32, Defendant neither admits nor denies the allegations contained therein, since it is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, leaves Plaintiff to her proofs.

33. Answering paragraph 33, Defendant neither admits nor denies the allegations contained therein, since it is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, leaves Plaintiff to her proofs.

34. Answering paragraph 34, Defendant neither admits nor denies the allegations contained therein, since it is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, leaves Plaintiff to her proofs.

35. Answering paragraph 35, Defendant neither admits nor denies the allegations contained therein, since it is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, leaves Plaintiff to her proofs.

36. Answering paragraph 36, Defendant neither admits nor denies the allegations contained therein, since it is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, leaves Plaintiff to her proofs.

37. Answering paragraph 37, Defendant admits same.

WHEREFORE, Defendant prays for a judgment of no cause for action or, in the alternative, that this cause be dismissed together with costs and attorney fees.

**COUNT II - INJUNCTIVE RELIEF UNDER §502(a)(e) or ERISA**

38. Defendant repeats and realleges each and every answer contained in paragraphs 1 through 4 of NATURE OF ACTION AND JURISDICTION and paragraphs 5 through 10 of PARTIES AND GENERAL ALLEGATIONS and paragraphs 11 through 27 of FACTUAL BACKGROUND and paragraphs 29 through 37 of COUNT I as if set forth word for word and paragraph by paragraph.

39. Answering paragraph 39, Defendant neither admits nor denies the allegations contained therein, since it is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, leaves Plaintiff to her proofs.

40. Answering paragraph 40, Defendant neither admits nor denies the allegations contained therein, since it is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, leaves Plaintiff to her proofs.

41. Answering paragraph 41, Defendant denies the allegations contained therein since they are untrue.

WHEREFORE, Defendant prays for a judgment of no cause for action or, in the alternative, that this cause be dismissed together with costs and attorney fees.

HOM, ARENE, BACHRACH,
CORBETT & KRAMER

/s/Elaine I. Harding
ELAINE I. HARDING (P38899)
Attorney for Defendant ACIA
150 W. Jefferson, Ste. 1500
Detroit, Michigan 48226-4415
313-237-5626 / 313-237-5720 (Fax)
EIHarding@aaamichigan.com

DATED: March 13, 2018

## AFFIRMATIVE DEFENSES

NOW COMES Defendant, AUTO CLUB INSURANCE ASSOCIATION, by and through its attorneys, HOM, ARENE, BACHRACH, CORBETT & KRAMER, hereby avers by way of Affirmative Defenses as follows:

1. That since notice was given, or payment has been previously made, Plaintiff may not recover benefits for any alleged expenses incurred more than one

(1) year before the date on which the action was commenced, pursuant to MCL 500.3145(1).

2. That Plaintiff's alleged contract of insurance with Defendant on the date of the motor vehicle accident provided for coordinated medical benefits and/or a deductible and pursuant to MCL 500.3109(a) Defendant the Auto Club Insurance Association's policy is secondary to health insurance.

3. The Aetna Life Insurance Company Plan, while coordinating with No-Fault insurance, renders itself primary as the plan which covers the Plaintiff as an employee, and covered the Plaintiff for a longer period of time than the No-Fault Plan in effect on the date of loss.

4. A coordinated No-Fault insurer is not obligated to indemnify an insured who satisfies a lien on her tort recovery.

Defendant reserves the right to assert any other Affirmative Defenses, which may become apparent as a result of discovery proceedings.

HOM, ARENE, BACHRACH,
CORBETT & KRAMER

/s/Elaine I. Harding
ELAINE I. HARDING (P38899)
Attorney for Defendant ACIA
150 W. Jefferson, Ste. 1500
Detroit, Michigan 48226-4415
313-237-5626 / 313-237-5720 (Fax)
EIHarding@aaamichigan.com

DATED: March 13, 2018

## **JURY DEMAND**

NOW COMES Defendant, AUTO CLUB INSURANCE ASSOCIATION, by and through its attorneys, HOM, ARENE, BACHRACH, CORBETT & KRAMER, and hereby demands a trial by jury in the above entitled cause.

HOM, ARENE, BACHRACH,
CORBETT & KRAMER

/s/Elaine I. Harding______________
ELAINE I. HARDING (P38899)
Attorney for Defendant ACIA
150 W. Jefferson, Ste. 1500
Detroit, Michigan 48226-4415
313-237-5626 / 313-237-5720 (Fax)
EIHarding@aaamichigan.com

DATED: March 13, 2018

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading Defendant Auto Club Insurance Association's Answer to Complaint and Affirmative Defenses has been served by ECF Filing System upon the attorneys of record to all parties as disclosed by the pleadings of record herein **March 13, 2018.**

/s/Elaine I. Harding_______________
Elaine I. Harding